McKinney, J.
delivered the opinion of the court.
This is an action of assumpsit. The declaration contains but one count, which is the common indebitatus count, for work and labor of the defendant in error, and materials furnished, in and about building a brick house for the plaintiff in error, in the town of Murfrees-borough. The pleas are, in short, “payment and non-assumpsit ;” “ replication and issue.”
The jury found, “ that the defendant did undertake and promise, as the plaintiff in his declaration hath alleged, and they assess the plaintiff's damages, by reason of the premises, to three hundred and sixty-nine dollars and ninety-eight cents.”
The only proof in respect to the contract between the parties, is contained in a written memorandum of settlement, signed by them, bearing date, 28th October, 1846. From which it appears, that the balance then due to the defendant in error was two hundred and two dollars and forty-two cents. And it was then *182 agreed, that “the balance” (of said sum of two hundred and two) “not paid at Christmas, he” (McLin) “is to be paid in cash notes, with the interest on them until due.”
The court instructed the jury, that whether payment was to be made “in cash, or cash notes, was immaterial ; because, if payable in cash notes, it did not make it a property contract, so as to require the plaintiff to demand the cash notes before he sued.”
Two errors are assigned, both of which, we think, are well taken.
1. There is a class of cases where, although there is a special agreement, the plaintiff has an election to sue upon the common counts, or upon such special agreement. When the contract “has been executed on his part, and nothing remains but the payment of the price in money, by the defendant, which is nothing more than the law would imply against him, the plaintiff may declare generally, using the common counts; or may declare specially on the original contract, at his election. But, if the mode of payment was any other than in money, the count must be on the original contract.” 2 Greenleaf Ev., sec. 104, and authorities there cited.
Upon this principle it is obvious, that, in the case under consideration, the plaintiff could not, upon the common count, recover the value of cash notes.
2. The omission of the jury to find upon the issue joined on the plea of payment, was error.
It is true, that almost every defence to the action of assumpsit, may be made under the general issues, except a tender, the statute of limitations, set off, and perhaps one or two others; although this plea is, in terms, only *183 a denial of the allegations of the declaration. But it is equally true, that the defendant is at liberty to plead specially any matter, ’which does not amount to the general issue, and which admits that in fact a contract was made as alleged ■ in the declaration; but shows that it was either void, or voidable, for any cause; as on account of infancy, coverture, lunacy, duress, illegality or want of sufficient consideration, &c. In like manner, all matters in discharge of the action may be pleaded specially, as payment, performance, release, accord and satisfaction, &c. All these matters, and various others, may be given in evidence under the general issue, or pleaded specially at the election of the defendant. It is only where a special plea amounts to the general issue, that is, where it alleges matter which is in effect but a denial of the truth of the declaration, that such plea is improper and not to be allowed. 1 Chitty Pl., 513, 515.
Upon both grounds the judgment must be reversed.